All right. We have our final case for the morning, Consumer Financial Protection Bureau v. Heartland. Appellant number 18-1516. We'll hear from the appellant. Good morning, Your Honors. May it please the Court, my name is Allison Baker. I represent appellants, Heartland ECSI. The District Court below erred in hoping that the notification of purpose in the June civil investigative demand was sufficient and accorded with the requirements of the Consumer Financial Protection Act. And before I continue, I reserve five minutes for rebuttal, please. Specifically, the Court applied the wrong test in that case. Specifically the Court held that the June 09 CID notifies respondent both of the nature of the conduct under investigation, including and says potential violations of law connected to student loan servicing, including processing payments, charging fees, transferring loans, maintaining accounts and credit reporting, and the applicable provisions of the law. But that's not the standard enunciated in Section 1052 of the Consumer Financial Protection Act, which is the provision of the Dodd-Frank Act that allows for the CFPB to pursue and propound civil investigative demands. Specifically, Section 1052, which is 12 U.S.C. 5562, says that each civil investigative demand shall state the nature of the conduct constituting the alleged violation, which is under investigation and the provision of law applicable to such. Isn't that what the CID did? It identified specific conduct in which your client allegedly participates, like processing payments, charging fees, credit reporting, et cetera. I'm not going to repeat it all. You're familiar with it. That's the conduct, and it talks about the provisions of law that such conduct may implicate. Isn't that all that's required? Or put differently, tell us specifically what you think is required by interpretation of that statute. Your Honor, it is not all that's required. What's required specifically is that the civil investigative demands state the nature of the conduct constituting the alleged violation, which is under investigation. I understand those are the words. What does that mean in a concrete sense? If you were to pretend you work for the CFPB and you interacted with the CID, tell us what you think, if you were an attorney for that organization, you had to put in that CID. Of course, Your Honor. So, a few things. The problem with the civil investigative demand is that it describes all of the business operations of any student loan servicer. That's not conduct. That's business operations and functions. That's not conduct that would constitute an alleged violation. But you're not answering Judge Schwartz's question. She's saying, what should it have said? That they were misrepresenting something in connection with something? That they were charging excessive fees? What should it have said? Well, Your Honor, it's not for me to tell the CFPB exactly what their CID should say, but an example, if that's what Your Honors are looking for, would be a scenario where, for example, and there's Federal Trade Commission cases in the D.C. Circuit, for example, Dwight v. Church, where that notification of purpose talks about the unlawful monopolization. So, that's the conduct. The conduct constituting the alleged violation. The conduct constituting the alleged violation cannot be a mere recitation of every business function that an entity that undertakes this kind of business does. Why not? I mean, there could be, I'm not completely corrupt, and every one of its business events and activities and pieces of conduct by its actors facilitates that violation of law. Why can't it be a whole company and everything it does in furtherance of some criminality or violation of law civilly? So, let's take that hypothetical for example. If the CFPB wanted to investigate conduct arising in connection with the provision of student loan servicing, that function, for example, it could say something like this. Unfair or deceptive conduct, it could say something like that links more carefully unfair or deceptive to a specific function as opposed to merely listing out every business operation. But the case law says, and Morton saw is one, the courts talk about the fact that agencies can also So, by labeling it the way you have it, it presumes something nefarious is happening. Maybe an agency is trying to rule it out. So, as I hear what you're saying, you're suggesting that if this agency wants to serve a subpoena, they've got to connect what kind of unfairness, impropriety, et cetera, to a particular act. Understanding your argument? Well, Your Honor, there's a few points on that. First of all, the Morton-Sod analysis, which is this court's core again, you can't even get there with the civil investigative demand because the Morton-Sod analysis contemplates looking at the notification of purpose. But I think Your Honors could look to, for example, other civil investigative demands that have been upheld by, in this case, the D.C. Circuit, which has undertaken a review of many of these, and you could look at those notifications of purpose, and you could see that they are markedly more precise and specific, and that they do describe the nature of the conduct constituting the alleged violation. For example, if you were to look at Dwight & Church, Dwight & Church is a case out of the Federal Trade Commission out of the D.C. maintained a monopoly in the distribution or sale of condoms in the United States, or any part of that commerce, and then it goes forward and describes in more detail. The concept of there being, number one, a monopoly, which is a specific type of conduct constituting an alleged violation, it's not merely reciting what Dwight & Church does as a function of manufacturing and or distributing condoms. Number two, you could look at Federal Trade Commission versus Invention Submission. In that case, the notification of purpose, to determine whether Invention Submission Corporation may be engaged in unfair or deceptive acts or practices, including but not limited to false or misleading representations made in connection with the advertising offering for sale and sale of its services relating to the promotion of inventions and sales. It's very specific. Isn't the point that these agencies don't just wake up in the morning and say, you know, I think we're going to investigate all of the practices of this company. Something has caused them to undertake an investigation. The point is, somebody has said they're doing something. The point is in the notice, tell us what the problem is. What is the conduct that's violative? Don't just say, well, we're going to look into all the stuff you do. Well, that's not the way investigations start. In fact, Morton Salt said, you know, investigation could be so sweeping into corporate matters as to exceed the investigatory power. So, you know, if it is that they're just deciding to undertake an investigation of all the corporation's matters, that's probably outside the agency's power, we can say. Yes, I agree with you, Your Honor. And ACSCS, which is a case that the D.C. Circuit decided, Judge Santel decided last year, made that very specific point. And that case specifically talks about the fact that the very purpose of the notification of provision, notification of purpose provision in the Consumer Financial Protection Act is to give fair notice to recipients of civil investigative demands about what the nature of the investigation is about. So what would it, should it be about in this case? I'm trying to find out what it is. Here, the CID is telling the recipient. Pardon me? That's the problem. We don't know. We don't know why they're conducting the investigation. That's right, Your Honor. Reasonable inference from it could be, maybe, maybe not. How much more, do they have to tell you what the purpose of their investigation is? Sure, they just have to tell you that they're looking at whether certain conduct could be implicated by certain law. That's what 5562C is. It doesn't say that the investigative agency has to tell you the specific theory of their case. Do you agree with that? We're not suggesting that they have to tell the specific theory of their case. But they do have to provide sufficient notice. And don't you also agree that ACI, as Judge Santel's decision, part of the problem there really was that the subpoena was served on an entity that's not within the regulatory sort of purview of the investigative agency. And that's why it led to these observations of, we have no reason, we can't figure out why you're looking at this entity because you're not under their purview. But there's no dispute, your client is. So, Your Honor, I argue that case. And in the district court, that was, in fact, the issue. But in the D.C. Circuit, they expressly rejected that question of whether or not the accreditation process was within the authority as a threshold for making the decision. Right. And we will not reach the broad question. Rather, we will confine our analysis to the invalidity of this particular entity. I understand that. But one of the concerns in the opinion was that there was no linkage. That's right, Your Honor. That was the problem. So, forgive me if I was overstating it. But the concern was, show me a link, show me something. Well, there was no linkage between the conduct described and the alleged violation. And that's similar here. There's no description here of the nature of the conduct constituting the violation. And indeed, that failure to render that connection is one of the problems with the district court's holding below. So, what if, so would the cure be if it said on the fair credit, it talks about credit reporting, and they had a descriptive word that says invalid, improper, incorrect credit reporting. If they had modifiers for each of those words, would you say that that would cure your complaint about this subpoena? Well, you're speaking only about credit reporting. Well, I picked that one for the sake of easiness. But there's another component of law here, which is the CFPA's prohibitions against unfair, deceptive, or abusive acts or practices, which is akin to Section 5 of the Federal Trade Commission Act. That's very broad. That touches. I know that, but I picked the credit reporting. I know we've been talking about there's a fair credit reporting act referenced specifically in the CID. So, if you focus on my question, my question is, would this be cured if there was simply an adjective of some sort or an adverb that, before each one of these types of events, would that cure the problem? I'm not sure in this case it would, Your Honor. I mean, obviously, that's a hypothetical, and candidly, I'd have to see it written out. But I'm not sure it would because the issue isn't an adjective or a modifier. The issue is there's no description of the conduct constituting the alleged violation. It's merely, and this is, by the way, a favorable reading to the CFPB's notification of purpose, assuming including is designed to be a narrower, as opposed to a broad thing, adjective. And I would argue probably it's broader, not narrower. But even if you assume that, it says including, and then it lists out everything a student loan servicer potentially does. That is, that's just functional operation. That is not conduct. We kind of need the ah-ha of what caused the investigation. Judge Nygaard, do you have any questions for counsel? That's right, Your Honor. I have none, thank you. Okay. All right. Thank you very much, Your Honors. Thank you. We'll hear from counsel for CFPB. And I think you should start where your adversary left off, is where's the nature of the conduct? You can respond to her concerns. That is a violation. Yes, Your Honor. Kevin Friedel appearing on behalf of the Bureau. The nature of the conduct under investigation, as described in this notification of purpose, is these five specific aspects of student loan servicing. And in particular, it's unfair, deceptive, and abusive acts or practices in connection. You didn't say that. You just said the practices. No, I think that is a fair reading of the notification of purpose as a whole. Those things are the conduct that constitutes the violation. Those processing. That, the you're violating the act. Well, the statute doesn't require that we set forth specific violations of law. Instead, I guess it's this one phrase, and we're all reading it differently. And I see that the nature of the conduct constituting the violation is not the same as a description of all of the activities that this entity performs. If that's true, then they're just, it's totally, they should be out of business. They're violating the law left and right. I don't think the rule is different if the investigation is broad to encompass potentially all aspects of a recipient's business or if it's narrower. But in terms of what the statute asks for, what it says is that the CID has to set forth the nature of the conduct. That's an exceedingly broad phrase. That constitutes the violation. That's right, Your Honor. Why is this investigation, what caused this investigation to be broad? Well, the investigation is ongoing, and I'm limited in what details of a confidential law enforcement investigation I can reveal. But I will say, I can say as a matter of public record, that the bill has received hundreds of consumer complaints. Complaining of? Complaining of problems specific to these five areas. What kinds of problems? Problems in how fees were assessed and applied to accounts. Various activities specific to these five parts of the student loan servicing. Okay, but don't you have to say that's what we're going after as compared to? No, Your Honor. We're going after everything they do? No, Your Honor. I don't think so. So one, we have the general language of the statutory text, which refers to the nature of the conduct. We've described the general nature of the conduct. The nature of the conduct constitutes a violation. You can't separate the two. Fair enough, Your Honor. But I would also say, of course, this language has to be read in light of the decades of FTC practice, applying their similar identical CID provision and related court precedent. That precedent. Agency, I think agencies are coming under scrutiny for exceeding powers these days. And I think Judge Santel noted that there's some limitation here and there has to be a link. Well, be that as it may, Your Honor, there's a general presumption that when there is a longstanding administrative or judicial interpretation of a certain statutory provision and then Congress reincorporates that language into a new statute, courts should assume that Congress was aware of that practice and intended the new provision to be read in that way. A citation from this court that I can give you for that proposition is Simon Senn, the Attorney General, at 825 F3rd 177, which made exactly that point. And if you look to these FTC cases, what they make clear is that an agency can define the scope of its investigation quite generally. And that rule is eminently sensible. One reason is that, as courts have also recognized, CIDs are not complaints. They don't have to set forth specific violations of law. They don't have to describe all the relevant facts that would establish liability. But what fair notice as to the nature of the investigation does that give? Well, Heartland uses the term fair notice frequently in their brief, but I think the question is really fair notice of what and to what end. And our answer to that, which I think is well supported in the case law, is that the recipient of the CID does have an interest in knowing the information they need in order to apply Morton Salt. They have an interest in assessing did this subpoena that we received satisfy the governing legal test? Are the specific requests in it relevant to the agency's purpose? Is the agency undertaking an investigation within its authority? They don't have an interest in whatever additional information about a confidential law enforcement investigation they may want or claim to need. And they don't have an interest in what may be in a hypothetical future complaint in the future. And one fact sort of relevant to this point is that the notification of purpose requirement applies to CIDs that are sent to entities that are themselves the subject of a bureau investigation. But it also applies to CIDs that are sent to third parties who are not themselves the subject of an investigation but merely may be in possession of information relevant to such a violation. So the same level of details required, whether you're the potential target of the investigation or a third party who may have material information? That's correct, Your Honor. The statute's the same. And I think this really helps to demonstrate what is the fair notice required here? What are the interests implicated? And whether it's an entity that is itself under investigation or whether it's a third party, the relevant interest is, did I get a legitimate CID? Do I need to respond? What sort of specific burden or relevance arguments can I make? These are all the prongs of what in itself is why the standard that courts have developed, as we described in our brief, is that to assess sort of is there enough information in the CID? The relevant question is, does the notification of purpose enable application of Horton's Salt? Yeah, but it's more specific than Horton's Salt. Let me ask you a question. I read this language, nature of the conduct constituting the alleged violation which is under investigation, to say nature of the unlawful acts. Am I wrong in that? Nature of the conduct constituting the alleged violation which is under investigation. I read that to say the nature of the unlawful acts under investigation. So you threw in unlawful? You're saying you read it out? The nature of the unlawful acts, conduct constituting alleged violation, the nature of the unlawful, the alleged unlawful acts that are under investigation. Well, I think even under that interpretation, this CID would satisfy the statute. This is the nature of the alleged unlawful acts under investigation. In general terms, it describes the nature of the unlawful conducts. It looks like the nature of the lawful acts, processing payments. No, because Your Honor, I would suggest you have to read that whole sentence, which describes an investigation into unfair, deceptive, abusive acts or practices or violations of the FCRA and its implementing regulation in the charging of fees, in the maintaining of accounts, in credit reporting. So to go back to Judge Schwartz's question of whether there needs to be sort of a modifier before all this conduct in terms of unlawful charging fees, wrongful charging of fees, I think the fair reading of this notification of purpose implies just such a modifier. And I would also add, finally on this point, Judge Rendell, that Heartland has never argued that the conduct described in notification of purpose has to be specific violations of law or even specifically unlawful. And in fact, they conceded in the district court, and I believe said so again here, that the same CID, had it described an investigation into just one aspect of their business, would have passed muster under the statute. It would have, and so does this one. It's not rendered infirm simply because the Bureau's investigation encompasses these five aspects of the company's business. And I'd like to turn, if I could, to the ACICS decision, which the district court properly found had no application here because the CID there clearly is distinguishable from the one here. There may be some confusion about the role the Bureau's authority played in that decision. The court was quite clear that it was not ruling one way or another on whether it would have been within the Bureau's authority to touch on the accreditation of for-profit colleges in some way. But because there were concerns about whether the investigation described in the notification of purpose was within the Bureau's authority, because the Bureau acknowledged that accreditation sort of on its own would not typically be within our authority, the court found that the notification of purpose was deficient. But you would disagree with Judge Santel's statement that it is required by statute to adequately inform ACICS of the link between the relevant conduct and the alleged violation. No, not at all, Your Honor. And I think that... What is the link in this case? Between the conduct and the violations. The link is between, I think, the provisions of law and the conduct being described. And it's... Well, there's the conduct and there's provisions of law. But what links them? What renders the conduct violated? Because what the notification of purpose describes is an investigation into violations of those specific legal provisions in the assessing of fees and maintaining accounts, et cetera. I think the link is clear here. The problem in ACICS was that the only conduct described was the accreditation of for-profit colleges, which is not one of the activities specifically defined as a consumer financial product or service in the Bureau's organic statute and isn't obviously within the Bureau's authority. So, it's not like adding a new requirement. Link isn't... Like, Judge Sentelle's language wasn't adding an additional requirement. That's exactly right, Your Honor. And the opinion is clear that it wasn't being decided on broad grounds. The opinion describes its holding as narrow and says that it was limited to the particular notification of purpose in that case. So, it's no surprise that every subsequent court that has considered attempts to extend ACICS beyond its reasoning have rejected those arguments. So, that would be the District Court here, decisions in Source for Public Data, and in SALA law. Here, again, this CID describes an investigation into conduct that no one disputes is within the Bureau's authority. To pursue its references to the provisions of law are directly linked to that conduct. So, really, the failings with the CID and ACICS simply aren't present here. And lastly, I would just note that the parties have both pointed to other notifications of purpose in other cases, but reached very different conclusions about how specific those other notifications of purpose were compared to this one. I think if you read some of these notifications of purpose, it's clear that what the Bureau did here was well in line with what the FTC has done in the past, really for decades, what courts have approved. For example, Heartland points to the notification of purpose in invention and submission as sort of a model of specificity, but really it's not substantively different from the amount of information provided by the CID. Here, it describes, again, an investigation into unfair deceptive practices, including, but not limited to, false or misleading representations made in connection with advertising or sale of the company's services. So, this including, but not limited to, clearly signals there may be other things that the FTC was interested in. They're not set forth on the face of the notification of purpose, other than to note that, you know, other unfair deceptive acts or practices were of interest to the agency. And the CID says nothing about sort of the genesis of the FTC's investigation, what specifically led it to start looking into the company or where its investigation would go. And the same holds also for the other notifications of purpose, such as NFTC v. Carter. I'd like to ask just, does NYGARD, do you have any questions for counsel? I have none, thank you. Okay, thank you. If there are no further questions, then we would ask that the district court be affirmed. Thank you. Thank you. Counsel? Thank you, Your Honors. A few points I wanted to respond to. The notification of purpose at issue here isn't just a recitation of all functions of a student loan servicer. It also includes the phrase in connection with, which actually broadens it and makes it less specific, not more specific. And so I want to point that out because I think that's important. Now, Section 1052 of the Consumer Financial Protection Act, which specifically enables the CFPB to propound civil investigative demands, has a statement in it that says requirements. And it has one requirement. The only requirement is the provision of a notification of purpose. So where it says requirements, this is the only thing listed. If the district court's reading of this notification of purpose, which that reading says that this notification of purpose comports with that requirement is upheld, that will functionally write out of the Consumer Financial Protection Act the only requirement imposed on the CFPB when they propound a civil investigative demand. There's no fair notice here. There's no sufficient notice here. There's no link between the alleged, the conduct constituting the alleged violation and the actual violation. All the things necessary under the plain reading of the statute. And of course, if you look at relevant case law, including ACICS from the D.C. Circuit. A few other points. The Morton Salt Analysis, as my colleague from the CFPB noted, does contemplate a review of a CID. But it contemplates that review of a CID assuming there's a non-informed notification of purpose in the first instance. So for example, you can't make the four-part Morton Salt Analysis test unless you first determine what the actual purpose of the investigation is. Because all of those component parts are in relation to how adequate the notification of purpose is. I gather your point is, in order to even get to Morton Salt, you've got to find the note, the CID here satisfies 5562C, right? And then we return to the four Morton Salts? That's correct, Your Honor. Yes, that's my understanding of the analysis. And ACICS also similarly approached it that way, as did the lower court in this matter. Several comments were made about different notifications of purpose, including ones in SALA law and source for public data. Those cases, of course, are still in the district court proceedings. They're up on appeal. And in each of those instances, we would posit that the notifications of purpose are actually quite a bit more precise. And they potentially do, in fact, state the nature of the conduct constituting the alleged violation, unlike the one here. Now, finally, I want to make a few other notes. Mr. Fidel from the CFPB noted that the Federal Trade Commission has been doing this for years. Well, actually, the Federal Trade Commission just recently responded to a CFPB request for information about how to improve upon the civil investigative demand process. And curiously, in that response, the Federal Trade Commission actually noted that it had changed its own procedures internally in response to the ACICS case, and that it encouraged the CFPB to do the same. And specifically, and we cite this in our brief as well, the Federal Trade Commission said, as part of its reforms last year, the commission changed its practices so that its CIDs and consumer protection investigations now include a specific description of the investigation that links the information the CID demands to the conduct that the Bureau of Consumer Protection of the FTC is investigating. The commission made this change to make the purpose of its investigation more transparent to CID recipients in courts. The change is consistent with the court decision in ACICS. So, in fact, the Federal Trade Commission, notwithstanding those D.C. circuit opinions, which concern notifications of purpose that are quite a bit more precise than the one at issue here, nevertheless, the Federal Trade Commission has also amended its protocols to respond to the April 2017 decision from the D.C. circuit. So it isn't the case that this is just business as usual. There is, in fact, a requirement here, and it does need to be followed, and it does need to provide fair notice.  These were staffers for the FTC? That's my understanding, Your Honor. I bring that only because I understand why you're bringing it. I understand your point of bringing it to our attention, but in terms of the deference or credence we give to it. Of course. It varies quite a bit, but I understand your point. My understanding, Your Honor, is it's the staff comments that were made in response to a request for information that I think is available in the CFPB's public record, and we cite to it in our brief as well. And finally, I want to note that this notification of purpose doesn't provide sufficient notice. It doesn't provide fair notice. The district court erred in the test that it applied in determining whether or not there was fair notice here, and we would encourage this court to reverse that decision. Thank you. All right. Thank you, everyone, for your patience as we got to you today and for everybody's fine arguments. We'll take this matter as well under advisement. We are concluded for this morning. Thank you.